IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVESTER LEE MACK | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0903-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Sylvester Lee Mack, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On October 28, 2002, petitioner was released to parole after serving part of a 25-year sentence for possession of a controlled substance. While on parole, petitioner was arrested and charged with another drug offense. A pre-revocation warrant was issued on December 2, 2002 and petitioner was taken into custody three days later. However, a revocation hearing was not held until September 21, 2004--more than 21 months after petitioner's arrest and five months after his conviction on the new drug charge.

Petitioner challenged his parole revocation in an application for state post-conviction relief. The application was denied without written order. *Ex parte Mack*, No. 60,826-01 (Tex. Crim. App. Apr. 13, 2005). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he was denied a timely revocation hearing in violation of his rights to due process and equal protection under the law.[1]

A.

A parole revocation proceeding must satisfy the minimum requirements of due process. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972). This includes "some minimal inquiry . . . at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Id.*, 92 S.Ct. at 2602. An inordinate delay in this process may result in a waiver of jurisdiction over the parolee. *See Shields v. Beto*, 370 F.2d 1003, 1006 (5th Cir. 1967). However, this draconian sanction is not justified unless the conduct of state officials is "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973). *Compare Clifton v. Beto*, 298 F.Supp. 1384, 1388 (S.D. Tex. 1968), *aff'd*, 411 F.2d 1226 (5th Cir. 1969) (10-year delay between date of arrest and parole revocation hearing not inordinate), *with Shields*, 370 F.2d at 1006 (28-year delay resulted in waiver of jurisdiction over parolee). In addition, the parolee must demonstrate "actual prejudice" caused by the unreasonable delay. *See Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993).

B.

---

[1] As part of his answer, respondent argues that this case is barred by the AEDPA statute of limitations and that some of petitioner's claims are unexhausted. The court need not decide these procedural issues as petitioner is not entitled to federal habeas relief in any event. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at * 1 n. 1 (N.D. Tex. Jul. 15, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

Petitioner complains that he remained in custody from December 5, 2002 until September 21, 2004--a period of 21 months--before a revocation hearing was held. Although petitioner couches his argument in due process terms, he cites to Tex. Code Crim. Proc. art. 42.18, § 14(a), which provides, in pertinent part:

> Whenever a prisoner or a person granted a conditional pardon is accused of a violation of his parole, mandatory supervision, or conditional pardon, . . . he shall be entitled to be heard on such charges before a parole panel or a designee of the board under such rules as the board may adopt; provided, however, said hearing shall be held within 70 days of the date of arrest under a warrant issued by the director or a designated agent of the director or by the board on order by the governor and at a time and place set by that parole panel or designee. The panel or designee may hold the hearing at a date later than the date otherwise required by this section if it determines a delay is necessary to assure due process for the person, except that the authority issuing the warrant shall immediately withdraw the warrant if the hearing is not held before the 121st day after the date of arrest.

TEX. CODE CRIM. PROC. ANN. art. 42.18, § 14(a).[2] To the extent petitioner seeks relief based on a violation of state law, his claim is not cognizable under 28 U.S.C. § 2254. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986), *quoting Nelson v. Estelle*, 642 F.2d 903, 905-06 (5th Cir. 1981) ("habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure").

Nor has petitioner established a constitutional violation. The record shows that petitioner was arrested on state drug charges on November 28, 2002. Although he was released from custody after 48 hours, petitioner was rearrested on December 5, 2002 on a parole revocation warrant. A Cooke County, Texas grand jury indicted petitioner for possession of a controlled substance on April

---

[2] Article 42.18, § 14(a) was repealed and recodified in 1999. The current version of the statute, Tex. Gov't Code Ann. § 508.282, does not contain a comparable 121-day provision.

23, 2003, and he was convicted of that charge on April 7, 2004.  Upon his conviction, petitioner was notified of the alleged parole violation and his right to a revocation hearing.  That hearing was held on September 21, 2004, at which time petitioner's parole was revoked.  Assuming *arguendo* that this delay was unreasonable under *Morrissey*, petitioner has not demonstrated actual prejudice.  TDCJ records show that petitioner has been charged as "out of custody" for only 32 days.  (*See* Resp. Ans., Exh. B).  This is actually *six days less* than the amount of time petitioner was out on parole before being arrested on the revocation warrant.  Petitioner would have been charged with the same "out of custody" time had he received a revocation hearing immediately upon his arrest.  Under these circumstances, there is no due process violation.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Petitioner's equal protection claim also lacks merit.  In order to establish an equal protection violation, petitioner must show that he "received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent."  *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004).  No such showing is made here.

DATED: December 15, 2006.

                                            JEFF KAPLAN
                                            UNITED STATES MAGISTRATE JUDGE