IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SYLVESTER LEE MACK,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:06-CV-903-L** |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER

This is a petition for habeas corpus brought under 28 U.S.C. § 2254 by a *pro se* prisoner. Purusant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On December 15, 2006, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Respondent Quarterman filed his objections on December 26, 2006. Petitioner Mack filed his objections on January 3, 2006.

Peitioner Mack challenges his parole revocation on the ground that he was denied a timely revocation hearing in violation of his due process rights. While on parole for a conviction for possession of a controlled substance, Mack was taken into custody on a pre-revocation warrant for possession of a controlled substance in December 2002. He did not receive a revocation hearing until September 21, 2004, more than 21 months after his arrest and five months after his conviction on the new drug charge that led to his revocation. The magistrate judge's Report found that Mack failed to demonstrate actual prejudice due to the delayed revocation, because "TDCJ records show

that petitioner has been charged as 'out of custody' for only 32 days. This is actually *six days less* than the amount of time petitioner was out on parole before being arrested on the revocation warrant." Report at 4 (internal citation omitted). Since Mack would have been charged with the same amount of "out of custody" time, even if he had received a revocation hearing immediately upon his arrest, the Report concludes that there was no due process violation, and Mack's petition should be denied.

Respondent Quarterman agreed with the Report's ultimate recommendation that Mack's petition be denied, but filed objections to (1) preserve affirmative defenses that the Report did not address, and (2) correct the record on the amount of "out of custody" time charged to Mack. Quarterman asserted affirmative defenses that Mack's petition is time-barred, that his claim is unexhausted, and that the delay in revoking Mack was not unreasonable. The magistrate judge's Report specifically notes that he need not reach the merits of these arguments, since Mack is not entitled to federal habeas relief in any event. Report at 2 n.1.

After making an independent review of the pleadings, file and record in this case, the court determines that this findings and conclusion of the magistrate judge are correct. Respondent's objection on this ground is hereby **overruled**. Respondent also notes that TDCJ records had incorrectly reflected that Mack was charged as "out of custody" for only 32 days, and has since been changed to reflect that Mack was "out of custody" for 38 days, "the exact time he was out on parole before being arrested on the revocation warrant." Respondent Objections at 2. The court accepts this correction, even though it would not change the court's opinion that the ultimate findings and conclusions of the magistrate judge are correct.

**Order – Page 2**

Petitioner Mack objects to the determination that he did not suffer actual prejudice as a result of the delayed revocation hearing, because he asserts that the time between his arrest and his subsequent conviction for the new drug charge was not credited to his subsequent conviction. Mack also points out that his two sentences must run consecutively, rather than concurrently. Since TDCJ records reflect that Mack was "out of custody" for 38 days, the time between his release from parole and his arrest on the revocation warrant, the time that Mack was held in custody while awaiting his revocation hearing has, in fact, been "credited" to him. Since his two sentences run consecutively, it makes no difference from a due process perspective whether the time was credited toward his prior conviction or his subsequent conviction. Mack's objections are, therefore, **overruled**.

With the exception of the correction to the number of days that TDCJ records show Mack as being "out of custody," the court determines that the findings of the magistrate judge are correct. They are, therefore, accepted as those of the court, except as indicated. Accordingly, Mack's petition for writ of habeas corpus is **denied**. This action is hereby **dismissed with prejudice**.

**It is so ordered** this 26th day of January, 2007.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge